# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

UNION BANK, N.A., a national banking association,

Appellant,

v.

EAST CREEK VILLAGE, LLC, a Washington limited liability company; SHORELINE BUSINESS AND PROFESSIONAL CENTER, LLC, a Washington limited liability company; KENNETH LYONS, MELANI A. LYONS, individually and the marital community thereof; TODD ARRAMBIDE, KIM M. ARRAMBIDE, individually and the marital community thereof,

Defendants,

ELIZABETH Y. VANDERVEEN, A. MARK VANDERVEEN, individually and the marital community thereof; HARLEY O'NEIL, JR., MICHELE O'NEIL, individually and the marital community thereof; the TORI LYNN NORDSTROM TRUST, a Washington state trust; and HARLEY O'NEIL, JR., Trustee for the Tori Lynn Nordstrom Trust,

Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

NO. 70327-7-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: June 9, 2014

LEACH, J. — Union Bank appeals the trial court's summary dismissal of its action for a deficiency judgment against the guarantors of a loan following a trustee's sale

under a deed of trust securing that loan. Kenneth Lyons and Melani Lyons, A. Mark Vanderveen and Elizabeth Vanderveen, Todd Arrambide and Kim M. Arrambide, Harley O'Neil Jr. and Michele O'Neil, and Harley O'Neil Jr. as trustee for the Tori Lynn Nordstrom Trust (Guarantors), each signed a commercial guaranty of payment of loan to East Creek Village LLC and Shoreline Business and Professional Center LLC. Based on its reading of RCW 61.24.100(10), the trial court granted the Guarantors' motion for summary judgment, dismissing this action.[1] Because the trial court erred both in its interpretation of this statute and its application of the statute to relevant loan documents, we reverse and remand for further proceedings.

## FACTS

In 2008 East Creek and Shoreline borrowed $5,100,000 from Frontier Bank and delivered their promissory note in that amount to the bank. A deed of trust executed by East Creek and Shoreline secured payment of the note. The Guarantors each executed a commercial guaranty of payment of the loan.

Union Bank acquired all of Frontier Bank's interest in the note, deed of trust, and commercial guaranties. East Creek and Shoreline defaulted on the bank loan. As a result, Union Bank elected to commence a nonjudicial foreclosure proceeding.

In July 2011, the trustee under the deed of trust then held by Union Bank conducted a sale based on the borrowers' default. Union Bank was the successful

---

[1] Lyons and Arrambide settled before the trial court granted summary judgment and are not parties to this appeal.

bidder at the sale, with a bid of $1,767,000. This left a substantial deficiency allegedly owed.

In 2012, Union Bank filed this lawsuit against the Guarantors to enforce their guaranties and to obtain a deficiency judgment based on the amount the bank claimed remained owing after the trustee's sale. The Guarantors moved for summary judgment, contending that the foreclosed deed of trust secured their guaranty obligations and RCW 61.24.100(10) barred the bank's request for a deficiency judgment. The trial court agreed, dismissed the bank's lawsuit, and awarded the Guarantors attorney fees.

Union Bank appeals.

## ANALYSIS

Union Bank argues that RCW 61.24.100(10) does not bar its lawsuit for a deficiency judgment against the Guarantors. We agree.

This court reviews de novo summary judgment orders and engages in the same inquiry as the trial court.[2] Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.[3]

In Washington Federal v. Gentry,[4] we addressed the same issue as here: whether RCW 61.24.100(10) bars a lawsuit against the guarantors of a commercial loan following the nonjudicial foreclosure of the deed of trust securing payment of the loan. There, we held this provision does not bar such a lawsuit.[5] Here, the same principles

---

[2] Cornish Coll. of the Arts v. 1000 Va. Ltd. P'ship, 158 Wn. App. 203, 215-16, 242 P.3d 1 (2010).
[3] CR 56(c).
[4] Wash. Fed. v. Gentry, ___ Wn. App. ___, 319 P.3d 823 (2014), petition for review filed, No. 90085-0 (Wash. Apr. 1, 2014).
[5] Gentry, 319 P.3d at 832.

that we applied in Gentry apply. RCW 61.24.100(10) does not bar Union Bank's lawsuit.

We also disagree with the trial court's determination that the foreclosed deed of trust secured the Guarantors' guaranty obligations. We have compared the deed of trust in Gentry with the deed of trust here. They have similar provisions defining whose obligations are secured. In both cases, the secured obligations are limited to those of the "Grantors" under the deeds of trust. Neither deed of trust states that the secured obligations include those of a guarantor of the loan. Following our analysis in Gentry again, we conclude that the foreclosed deed of trust did not secure the Guarantors' guaranty obligations. For this reason as well, RCW 61.24.100(10) does not bar Union Bank's claims against the Guarantors.

Because of our resolution of the application of RCW 61.24.100(10), we do not reach Union Bank's challenge to the trial court's determination that enforcement of any waiver of the protections of RCW 61.24.100 violates the statute and public policy.

The trial court awarded the Guarantors attorney fees as the prevailing party. In light of our disposition of the issues, we vacate this award. Because a prevailing party has not yet been determined, we decline to award fees to any party on appeal.

Finally, we address Union Bank's motion to strike appendix C to respondents' brief, which a commissioner of our court referred to the panel for decision. "Motions to strike sentences or sections out of briefs waste everyone's time."[6] Union Bank's motion unnecessarily required the commissioner and the panel to read four pleadings. It cited

---

[6] Redwood v. Dobson, 476 F.3d 462, 471 (7th Cir. 2007).

a court rule, GR 14.1, and a statute, RCW 2.06.040, which apply only to unpublished court of appeals decisions and not to trial court decisions. It generated unnecessary expense to all litigants. A simple statement in Union Bank's reply brief addressing appendix C's lack of precedential value would have better served the interests of the parties and furthered judicial economy. We deny the motion.

## CONCLUSION

RCW 61.24.100(10) does not bar a lawsuit against the guarantors of a commercial loan following the nonjudicial foreclosure of the deed of trust securing payment of the loan. Therefore, we reverse the trial court and remand for further proceedings consistent with this opinion.

_Leach, J._

WE CONCUR:

_Spearman, C.J._

_Becker, J._